# Jacques G. Simon
## Attorney at Law P.C.

email: jgs@jacquessimon.com
url: jacquessimon.com

Bar Admissions: NY, CT, GA, TX, DC

| **Long Island NY Main Offices*** | **Washington DC Offices** | **New York City Offices** |
|---|---|---|
| 200 Garden City Plaza | 601 13th Street, NW | 420 Lexington Ave., |
| Suite 301 | Suite 900 South | Suite 300 |
| Garden City, NY  11530 | Washington, D.C. 20005 | New York, NY 10170 |
| Phone: (516) 378-8400 | Phone: (202) 301-8070 | Phone: (332) 330-9002 |
| Fax:   (516) 559-7009 | Fax:   (202) 301-8071 | Fax:   (332) 220-3880 |

Respond to LI **x**  DC__ NYC__ office

September 25, 2025

Via ECF

Hon P. Kevin Castel USDJ
US District Court SDNY
500 Pearl Street
New York, NY 10007

[Handwritten note: Time to respond to motion to dismiss extended to October 24. Defendants' reply due November 7. SO ORDERED /s/ P. Kevin Castel USDJ 9-25-25]

Re: Re: Isadora Guggenheim v. James McDonald et.al.
USDC SDNY Civ. No. 1:25-cv-03615 (PKC)
Response to defendants' letter motion DE 38 **AMENDED**

Dear Judge Castel:

I am Plaintiff's attorney and as such I am fully familiar with the facts of this litigation and the facts stated in the amended complaint. This letter is filed in support of Plaintiff's letter motion for an extension of time **to and including October 24, 2025** to interpose opposition papers to defendants' motion to dismiss the Amended Complaint DE 56-57 and defendants' memorandum of law in opposition to Plaintiff's motion for a preliminary injunction DE 55. The request is made for good cause shown below.

### History of procedural proceedings and good cause shown.

After an in person status conference held by the Court, on July 8, 2025, this Court entered a scheduling order DE 45 setting forth the following deadlines for motion submission: (1) July 21,

1

2025 - Plaintiff's preliminary injunction due; (2) September 2, 2025 - Plaintiff's motions to (a) dismiss the complaint and (b) opposition to motion for preliminary injunction; (3) Plaintiff's deadline to file opposition to the motions to dismiss and reply to defendants' motion for preliminary injunction due September 30, 2025; (4) defendants' reply to Plaintiff's opposition to motions to dismiss due on October 14, 2025.

On July 21, 2025 the plaintiff filed her motion for a preliminary injunction and memorandum of la in support thereof DE 46, 47. On 08/27/2025 the defendants requested consent form the Plaintiff to file memoranda in excess of the page limitations exceeding by 10 pages each the memorandum in support of the motion to dismiss and in reply of the motion for preliminary injunction. I consented to the request for exceeding the briefing pagination by the amount requested by the defendants on condition that the defendants will agree to an equal extension of pagination on Plaintiff's reply and opposition and if needed an additional amount of time to address their briefings. The defendants' attorney agreed to these conditions. However, the defendants did not fully incorporate those understandings in the letter of 08/27/2025 which only partially sets forth the agreement of the attorneys addressing only the excess pagination.

Defendants' filing in opposition to the motion of a preliminary injunction DE 55 consists of a 36 pages memorandum of law, a 25 pages affidavit of Joseph Giovanetti, an additional affidavit of Varjeera Dorbawila with assorted attached exhibits for a total submission of 79 pages.

Defendants' filing regarding their motion to dismiss includes a notice of motion, a memorandum of law of 32 pages and it addresses a report and recommendation of Magistrate Judge Tiscione in the Eastern District of New York in the case of Kahn v. McDonald 2:24-cv-4745(JMA)(ST). DE 56-57. DOC 57 EX A pp. 41 through 68.

In addition, after objections filed in the Khan case - EX A annexed hereto, today Judge Azrack adopted the magistrate's R&R and dismissed the Khan case without prejudice - EX B hereto. However, while the order is not binding on this court certain holdings in that case may or may not be pertinent to this case and must be addressed. This issue must be addressed in the opposition papers as well. The status of this order and Plaintiff's decision to either appeal the order or reargue the objections has a direct impact on the finality of the same and whether Judge Azrak's order can be used as persuasive authority in this case. As of the time of the writing of this letter I have been unable to confer with my client in the Khan case but it is anticipated that the decision to appeal Judge Azrak's order will be made tonight.

In addition to the foregoing I have had to and still have to contend with the intervening Jewish High holidays (which both me and my client are observing) and which fall during the initial schedules period allocated for the briefings to be submitted by the Plaintiff.

Additionally, I have a rigorous traveling schedule between October 1 and October 11 which has not been anticipated initially in July when the conference before Your Honnor was held which places an even greater burden on the amount of time available to complete the response to the motion to dismiss, properly address Judge Azrak's Order of today and address all of the

2

additional issues raised in defendants' motion to dismiss, and the reply to the motion for a preliminary injunction.

For all of the foregoing reasons I respectfully request that my letter motion for an extension of time to respond to the motion to dismiss, address Judge Azrak's order of today in the context of this case and to further reply to the opposition to the motion for a preliminary injunction be granted and that Plaintiff's deadline to interpose opposition to the motion to dismiss and reply to the defendants' opposition to motion for a preliminary injunction be Extended to and including **October 24, 2025.**

### There is no prejudice to the defendants if the court grants this application

The defendants will suffer no prejudice if this application to extend the time to respond to the motion to dismiss and to reply to the opposition to the motion for a preliminary injunction is extended to and including October 24, 2025 given the foregoing events which occurred after the initial scheduling of the motion submission set by this Court's Order back in July.

### The status of the consent request made of the defendants to this application.

Although the defendants spoke of their consent to this application when they requested and obtained Plaintiff's consent to submit memoranda in excess of the set page limitation, they did not include that condition in the initial request to exceed the page limitation DE 53 of 08/28/25. I have tried to contact Mr. Mirro through email and telephone today and left a message for him to confirm our initial agreement but I received no response to my email and his mailbox is full and I can leave no messages. I waited until the end of the day to report to the Court my good faith attempt to communicate regarding this application in order to confirm our initial agreement to this motion.

I respectfully request that for all of the above referenced intervening circumstances and due to defendants' initial verbal consent to a request for a future adjournment of September 30, 2025 deadline which was given at the time of their application of August 28, 2025, Plaintiff's application be granted in its entirety and that the Plaintiff's deadline to file her opposition to the motion to dismiss and her reply regarding the preliminary injunction motion **be extended to October 24, 2025**.

I also request that should the motion be granted, Plaintiff's time to reply to the opposition to the motion to dismiss be extended by the original 14 days period encompassed in the Order of July 8, 2025 to an including November 7, 2025 unless defendants' attorneys are in need for more time, which at this time it is unknown to the Plaintiff.

Respectfully submitted
Attorney for the plaintiff
/s/ *Jacques G. Simon*


c.c.: James Mirro Esq.