UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISADORA GUGGENHEIM LNP, RN

                                        Civil action: 1:25-cv-03615(PKC)


                        Plaintiff,
            -against-

James McDonald MD in his official
capacity as Commissioner of NYS
Department of Health et.al.

                        Defendants.
-----------------------------------------------------------X


================================================================
**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'
OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION**
================================================================

# TABLE OF CONTENTS

**CONTENT**                                                      **PAGE(S)**

INTRODUCTION ................................................................................................1

PRELIMINARY STATEMENT ...........................................................................1

POINT I         **THE PLAINTIFF INCORPORATES BY REFERENCE HEREIN ALL OF THE OVERLAPPING RESPONSES IN OPPOSITION TO DEFENDANTS'MOTION TO DISMISS THE FAC - DE 61**....................2

POINT II        **THE DEFENDANTS DO NOT HAVE ANY AUTHORITY TO SUMMARILY SUSPEND PLAINTIFF'S NYSIIS ACCESS WITHOUT DUE PROCESS**................................................................................13

          (a)      The defendants do not have any statutory authority to summarily suspend Plaintiff's access to NYSIIS based upon unproven unsubstantiated accusations and purported findings made during an investigation................................6

POINT III       **CONTRARY TO THE GIOVANETTI STATEMENTS, THE DEFENDANTS NEVER PROVIDED THE PLAINTIFF WITH CONSTITUTIONALLY MANDATED NOTICE THAT THEY SUSPENDED OR TOTALLY REVOKED PLAINTIFF'S ACCESS TO NYSIIS AT ANY TIME** ....................................................................13

CONCLUSION....................................................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*,
  651 F.3d 218 (2d Cir. 2011).........................................................................13

*Flynn v. State Ethics Comm'n*,
  *87 N.Y.2d 199* (NY 1995) ...........................................................................11

*Kapps v. Wing*,
  404 F.3d 105 (2d Cir. 2005)........................................................................7, 9

*Majewski v. Broadalbin-Perth Cent. Sch. Dist.*,
  91 N.Y.2d 577, 696 N.E.2d 978, 673 N.Y.S.2d 966 (1998)........................9

*Paratt v. Taylor*,
  451 US 527 (1981)........................................................................................8

*Rivera-Powell v. N.Y.C. Bd. of Elections*,
  470 F.3d 458 (2d Cir. 2006)........................................................................8

*Sega v. State*,
  60 N.Y.2d 183, 456 N.E.2d 1174, 469 N.Y.S.2d 51 (1983).....................10

**Other Authorities**

10 NYCRR §66-1.2 .............................................................................................10

10 NYCRR §§66-1.2(d)(i) through (xii)............................................................10

Eleventh Amendment..........................................................................................2

Fourteenth Amendment ..................................................................................9, 12

PHL Sec. 2168. ................................................................................................12

## INTRODUCTION

This memorandum of law is submitted on behalf of the Plaintiff and in reply to defendants' memorandum and affidavits in opposition to Plaintiff's motion for a preliminary injunction. The documents addressed DE 55 - opposition memorandum, DE 55-1 - Affidavit of Joseph Giovanetti and DE 55-2 - Affidavit of Varjera Dorabawilla.

## PRELIMINARY STATEMENT.

Simultaneously, with the opposition to the motion for preliminary injunction, the defendants filed a motion to dismiss the First Amended Complaint ("AFC") and a memorandum of law in support of the same. DE 57.The Plaintiff filed a memorandum in opposition to Plaintiff's motion to dismiss simultaneously herewith DE 61. Most of the issues, with respect to very few identified in this memorandum and arguments made in the memorandum of law in support of the motion to dismiss are identical to the ones made by the defendants in opposition to the motion for a preliminary injunction. Consequently, there is a similar overlap between the issues of two memoranda namely DE 55 submitted by the defendants in opposition to the motion for preliminary injunction and DE 57 – defendants' memorandum of law in support of their motion to dismiss the FAC.

Consequently, due to the restrictive page limitation imposed by the Court's individual rules of practice, which in this case by Order of the Court dated 08/27/25 DE 54, was increased by ten pages. In the interest of judicial economy and avoidance of duplication, the Plaintiff shall reference the responses interposed in opposition to the motion to dismiss as they relate to defendants' identical arguments made in defendants' memorandum in opposition to the motion for a preliminary injunction and will incorporate the same by reference herein. The Plaintiff will

respectfully direct the Court to DE 61 by page number to the same arguments which are interposed in reply to defendants' opposition memorandum.

## POINT I

**THE PLAINTIFF INCORPORATES BY REFERENCE HEREIN ALL OF THE OVERLAPPING RESPONSES IN OPPOSITION TO DEFENDANTS'MOTION TO DISMISS THE FAC - DE 61**

The following overlapping arguments and Plaintiff's response to the same and their incorporation be reference herein are identified:

**POINT I - DE 55 p. 9** The Court Should Deny Plaintiff's Motion Because The Relief That She Seeks Is Barred By The State's Eleventh Amendment Immunity.

This argument is identical to the one made by the defendants in their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT I pp. 7-12.

Plaintiff's response to defendants' overlapping argument is fully briefed in the Memorandum of Law in opposition to motion to dismiss DE 61 at DE 55 POINT I(c) pp.3-5 and POINT I(d) pp. 13-18. The same response is incorporated herein by reference in reply to defendants' POINT I p. 9 of the memorandum in opposition to motion for preliminary injunction. The Court is respectfully directed there for full and true accounting thereof.

**POINT II DE 55 pp. 10-12**. The Court Should Deny Plaintiff's Motion Because She Fails To Offer Proof Of Her Article III Standing For Any Prospective Relief.

This argument is identical to the one made by the defendants with their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT II pp. 12-15.

Plaintiff's response to defendants' overlapping argument is fully briefed in the memorandum of law in opposition to motion to dismiss DE 61 at POINT I (e) pp.18-20. The same response is incorporated herein by reference in reply to defendants' POINT II p. 10-12 DE 55 of

the Memorandum in opposition to motion for preliminary injunction. The Court is respectfully directed there for full and true accounting thereof.

**POINT III DE 55 pp. 12-13**. The Court Should Deny Plaintiff's Motion To The Extent That It Seeks Relief Based Upon Defendants' Conduct Before April 30, 2022.

This argument is identical to the one made by the defendants their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT IV(A) p. 18.

Plaintiff's response to defendants' overlapping argument is fully briefed in the Memorandum of Law in opposition to motion to dismiss DE 61 at POINT II(b) pp.21-22. The same response is incorporated herein by reference in reply to defendants' POINT III - DE 55 p. 12-13 of the Memorandum in opposition to motion for preliminary injunction. The Court is respectfully directed there for a full and true accounting thereof.

**POINT IV(B)(1) - DE 55 - pp. 16-19** -  Plaintiff Has Failed To Show A Likelihood Of Success On The Merits because  Plaintiff Has Failed To Show A Property Interest In NYSIIS Access.

This argument is identical to the one made by the defendants their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT IV(B)(1) - DE 57 p. 19-22.

Plaintiff's response to defendants' overlapping argument is fully briefed in Plaintiff's Memorandum of Law in opposition to motion to dismiss DE 61 at POINT I (c)(A)(i) and  POINT I (c)(A)(ii) pp. 6-12 and POINT II(d) pp. 27-28. The same response is incorporated herein by reference in reply to defendants' POINT IV (B)(1) at pp. 15-19 of the Memorandum in opposition to motion for preliminary injunction. The Court is respectfully directed there for a full and true accounting thereof.

**POINT IV(B)(2) - DE 55 - pp. 19-21** Plaintiff Has Failed To Show A Liberty Interest In NYSIIS Access.

This argument is identical to the one made by the defendants their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT IV(B)(2) - DE 57 p. 23-24.

Plaintiff's response to defendants' overlapping argument is fully briefed in Plaintiff's Memorandum of Law in opposition to motion to dismiss DE 61 at POINT II (c)(A)(I), POINT I (c)(A) 2 pp. 6-12 and POINT II(e)  pp.28-29. The same response is incorporated herein by reference in reply to defendants' POINT IV (B)(2) at pp.19-21 of the Memorandum in opposition to motion for preliminary injunction - DE 55. The Court is respectfully directed there for a full and true accounting thereof.

**POINT IV(B)(3) - DE 55 pp. 21-23** Plaintiff Has Failed To Show Causation, Deprivation Or Other Harm.

This argument is identical to the one made by the defendants their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT IV(B)(3) - DE 57 p. 24-26.

Plaintiff's response to defendants' overlapping argument is fully briefed in Plaintiff's Memorandum of Law in opposition to motion to dismiss DE 61 at POINT II(f) pp.29-31. The same response is incorporated herein by reference in reply to defendants' POINT IV (B)(3) at pp. 21-23 of the Memorandum in opposition to motion for preliminary injunction DE 55. The Court is respectfully directed there for a full and true accounting thereof.

**POINT IV(B)(4) - DE 55 pp. 23-28.** Plaintiff Had Available To Her All The Process Due.

This argument is identical to the one made by the defendants their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT IV(B)(4) - DE 57 p. 27-29.

Plaintiff's response to defendants' overlapping argument is fully briefed in Plaintiff's Memorandum of Law in opposition to motion to dismiss DE 61 at POINT II(c) pp. 22-27. The same response is incorporated herein by reference in reply to defendants' POINT IV (B)(4) at pp. 23-28 of the Memorandum in opposition to motion for preliminary injunction DE 55. The Court is respectfully directed thereto for a full and true accounting thereof.

**POINT V(B) DE 55 pp. 30 -32 -** Plaintiff fails to state a claim for defamation, substantive due process or any other violation.

This argument is identical to the one made by the defendants their memorandum in support of the motion to dismiss the FAC at DE 57 at POINT V - DE 57 p. 29-32.

Plaintiff's response to defendants' overlapping argument is fully briefed in Plaintiff's Memorandum of Law in opposition to motion to dismiss DE 61 at POINT II (g) pp.31-32. The same response is incorporated herein by reference in reply to defendants' POINT IV (B)(4) at pp. 23-28 of the Memorandum in opposition to motion for preliminary injunction DE 55. The Court is respectfully directed thereto for a full and true accounting thereof.

**POINT II**
**THE DEFENDANTS DO NOT HAVE ANY AUTHORITY**
**TO SUMMARILY SUSPEND PLAINTIFF'S NYSIIS ACCESS**
**WITHOUT DUE PROCESS.**

Investigator Giovanetti's affidavit in opposition to the motion for a preliminary injunction DE 55-1 raises two central issues which were not addressed in defendants' motion to dismiss the AFC and the memorandum in support thereof DE 56 and 57.

First issue is that the defendants through investigators of the Department of Health have authority to suspend Plaintiff's NYSIIS access and to take adverse action against her through public postings - EX A to Amended Complaint DE 29-1 and the current posting of which the Court is

asked to take judicial notice in Plaintiff's memorandum in opposition of motion to dismiss DE 61 EX 1 without affording her constitutional notice., opportunity to be heard and a formal hearing.

Second is whether Mr. Giovanetti's email of June 30, 2022 and July 12, 2022 - annexed as EX B amount to any type of notice of formal action taken by the defendants against Plaintiff's access to NYSIIS and whether such administrative suspension is authorized by any statutory provision authorizing the same.

      **(a)**    **The defendants do not have any statutory authority
to summarily suspend Plaintiff's access to NYSIIS
based upon unproven unsubstantiated accusations
and purported findings made during an investigation.**

The first issue is regarding defendants' contention that they have absolute discretion to summarily suspend access to NYSIIS without any due process notice, opportunity to be heard and a formal hearing, which are the minimum tenets of constitutional due process. As set forth below, none of the sources cited by the defendants authorize them any type of a discretion to suspend access to NYSIIS without due process.

In support of this contention the defendants offer the following: (1) Giovanetti Affidavit DE 55-1 paragraph 6 and 12 pp. 3 citing PHL Sec. 2168(9); (2) Giovanetti affidavit DE 55-1 paragraph 7 pp. 3 citing a lack of limitation imposed by statutes and regulations on defendants' powers and discretion to summarily suspend or terminate a user's access to NYSIIS; (3) Giovanetti affidavit DE 55-1 paragraphs 8-11 citing the User Agreement terms signed by the Plaintiff EX A to affidavit DE 55-1; (4) Giovanetti affidavit citing purported findings by him during the admitted investigative stages regarding irregularities in Plaintiff's entries of vaccine information in the vaccination database of NYSIIS which were never formally adjudicated during a formal hearing, nor was the Plaintiff given any opportunity to address, refute and- Giovanetti affidavit DE 55-1 paragraphs at paragraphs 15-30; (5) Dorabawila affidavit DE 55-2 pointing to documents

establishing Health Care Provider Account Newtok ("HPN" account)which provides that " Section VI obligates the user to cooperate with DOH in any investigations (Id.). Section V provides that "[a]bsent an appropriate response to account violations, user account privileges will be deleted upon a first offense;" and Section VII provides that "[a]ccess to the [DOH] secure website is a privilege that may be revoked temporarily or permanently when violations of these security policies occur". Dorbarawila affidavit DE 55-2 paragraph 9 and EX A, B and C to Dorabawila affidavit.

Under New York substantive law, none of the foregoing sources cited by the defendants provide any authority for their position that they have discretionary powers to suspend Plaintiff's NYSIIS at any time without due process consisting of Notice, opportunity to be heard and a formal hearing.

For all of the reasons articulated at pp.9-14 of Plaintiff's memorandum in opposition to the motion to dismiss DE 61, the complaint the Plaintiff has a due process interest in her access to NYSIIS. That argument is incorporated by reference herein for the sake of brevity and the Court is respectfully directed thereto for a full and true accounting thereof.

Under the well-established federal standard, there is ordinarily little question that **due process requires notice and an opportunity to be heard**. *See Kapps v. Wing*, 404 F.3d 105, 120 (2d Cir. 2005). And when official action is at issue, the government generally **must hold a hearing *before* it deprives an individual of their property**. *Cullen*, 2024 U.S. App. LEXIS 10564, *5-6, supra citing *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006). (Emphasis supplied).

Where, as here, the defendants contend that they are acting pursuant to powers vested in them by the statutory provisions of PHL Sec. 2168(9), they are obligated to give the Plaintiff pre deprivation formal notice and opportunity to be heard and a formal pre deprivation hearing.

When the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing. Under those circumstances, "the availability of post-deprivation procedures will not, ipso facto, satisfy due process." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 465 (2nd Cir, 2006) citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2nd Cir 1996) and *Paratt v. Taylor,* 451 US 527 at 541 (1981). Under this paradigm, the availability of post deprivation Article 78 proceedings is irrelevant to the determination of due process deprivation.

When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy. *Rivera-Powell*, 470 F.3d 458, 465, supra citing   *Hudson v. Plamer* , 468 U.S. 517 at 533 (explaining that when deprivations are "random and unauthorized . . . pre deprivation procedures are simply impracticable since the state cannot know when such deprivations will occur" (internal quotation marks omitted)).

Here the defendants admittedly used the provisions of PHL Sec. 2168(9) to proceed and act against the plaintiff without due process. Giovanetti affidavit cited above.

However, a close look at the provision of PHL Sec. 2168(9) reveals that the same does not provide the defendants with any authority and discretion to act against the plaintiff and revoke or suspend her access to NYSIIS without due process.

Standing alone, PHL Sec. 2168(9) provides on its face as follows:

9. The commissioner may judge the legitimacy of any request for immunization system information and may refuse access to the statewide immunization information system based on the authenticity of the request, credibility of the authorized user or other reasons as provided for in regulation. For the city of New York the commissioner of health and mental hygiene may judge the legitimacy of requests for access to the citywide immunization registry and refuse access to the immunization registry based on the authenticity of the request, credibility of the authorized user or other reasons as provided for in regulation.

Contrary to defendants' contention PHL Sec. 2168(9), even when read in a vacuum on its face does not provide that the Commissioner or, as is the case here,  investigators of the department of health are vested with unfettered discretion to revoke access to  NYSIIS to healthcare licenses based upon purported findings made during a DOH investigation by DOH investigators without the basic due process mandates of notice, opportunity to be heard and formal hearing mandated by the Fourteenth Amendment. *See Kapps v. Wing*, 404 F.3d 105, 120 (2d Cir. 2005); *Cullen*, 2024 U.S. App. LEXIS 10564, *5-6, supra citing  *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006). (Emphasis supplied).

Under New York law, statutory provisions must be interpreted according to their on plain meaning and the courts cannot read into the statutes terms which are not there to begin with. The [New York] Court of Appeals has held 'repeatedly' that 'where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning.'" Zivkovic v. Laura Christy, LLC, 2022 U.S. Dist. LEXIS 94839, *5-6  (EDNY 2022) citing City of New York v. Golden Feather Smoke Shop, Inc., No. 08-CV-3966 (CBA), 2009 U.S. Dist. LEXIS 76306, 2009 WL 2612345, at *29 (E.D.N.Y. Aug. 25, 2009) (quoting *Samiento v. World Yacht Inc.,* 10 N.Y.3d 70, 78, 883 N.E.2d 990, 854 N.Y.S.2d 83 (2008. "As a general proposition, we need not look further than the unambiguous language of the statute to discern its meaning." *Id.* citing *Jones v. Bill*, 10 N.Y.3d 550, 554, 890 N.E.2d 884, 860 N.Y.S.2d 769 (2008); see also *Majewski v. Broadalbin-Perth*

*Cent. Sch. Dist.*, 91 N.Y.2d 577, 583, 696 N.E.2d 978, 673 N.Y.S.2d 966 (1998) ("As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof."); *Sega v. State*, 60 N.Y.2d 183, 190-91, 456 N.E.2d 1174, 469 N.Y.S.2d 51 (1983) ("Generally, a statute is to be construed according to the ordinary meaning of its words, and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal." (internal citations omitted)).

Because PHL Sec. 2168(9) does facially not empower either the commissioner or investigators of the DOH to exercise unfettered powers to revoke NYSIIS access to healthcare licensees during an investigation and based solely on alleged unadjudicated findings purportedly made under an investigation defendants' argument that they have statutory authority to act without due process under the statutory provision of PHL Sec. 2168(9) is unavailing.

Most importantly Entities and individuals **other than healthcare providers** who are mandated to report vaccinations in the NYCIR by PHL §2168(8)(c) or by Commissioner's regulations 10 NYCRR §66-1.2 can ask permission to access the NYSIIS database for limited purposes. Those recognized entities and the permitted limited purpose access are listed  in 10 NYCRR   §§66-1.2(d)(i) through (xii) and PHL §2168(8)(d). None of them include healthcare practitioners such as the Plaintiff who are mandated to report vaccinations to the NYSIIS.

With respect to requests for access made by individuals and entities which and who are not subject to the mandatory reporting requirements, the legislature provided the discretionary rejection provision of access to the central database system PHL §2168(9).

In this case, the Plaintiff does not fall in non-healthcare providing group with respect to which the discretionary access category contemplated by PHL §2168(9) applies. The

commissioner's discretionary refusal of access to the NYSIIS provided by PHL §2168(9) by definition does not apply to healthcare practitioners mentioned in PHL §2168(8)(c) simply because healthcare practitioners must report vaccine information, not retrieve vaccine information to determine eligibility of school/college admission and vaccination status as provided by PHL §2168(3)(b)(i) and simply because healthcare providers **shall have access** to NYSIIS under the provisions of PHL Sec. 2168(8)(c) for the purposes articulated in that section which include vaccine reporting to the NYSIIS.

Moreover, neither the user agreement terms referenced in the Giovanetti affidavit nor the HPN agreement mentioned in the Dorabawila affidavit provide any authority for defendants' position that they can exercise unfettered discretion to restrict suspend or revoke access Plaintiff's to NYSIIS without due process.

The defendants are administrative state officials and are servants and employees of the New York State Department of Health, an administrative agency of the state of New York. The DOH is not only a creature of statute - see PHL§200, but it is a uniquely and narrowly invested entity with specific powers given by the legislature - PHL§201. It thus lacks powers not granted to it by express or necessarily implicated legislative delegation. *Flynn v. State Ethics Comm'n, 87 N.Y.2d 199, 202* (NY 1995) citing *Matter of Foy v Schechter*, 1 N.Y.2d 604, 612, 154 N.Y.S.2d 927, 136 N.E.2d 883 [" 'since the jurisdiction of an administrative board or agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it is made either without statutory power or in excess thereof' "]. Aptly applied to the DOH is "[a] creature[] of the Legislature within the executive branch, can act only to implement [its] charter as it is written". *Id* citing *Matter of Tze Chun Liao v New York State Banking Dept.,* 74 N.Y.2d 505, 510, 549 N.Y.S.2d 373, 548 N.E.2d 911 [emphasis added]

11

Because there is no discretionary provision whatsoever in PHL Sec. 2168 empowering the defendants to summarily suspend or revoke access to NYSIIS to healthcare providers without Fourteenth Amendment due process and the state procedure outlined once the same is granted and because Plaintiff's access to the NYSIIS is mandatory under PHL Sec. 2168(8)(c), the Plaintiff has a property interest in her access to NYSIIS of which she cannot be deprived without basic Fourteenth Amendment due process entailing notice, opportunity to be heard and a hearing. *Spinelli 579 F.3d 160, 169, supra* and related citations.

Most importantly, the execution of both the user agreement and the HPN agreement are admittedly a condition precedent to the state granting access to NYSIIS to healthcare practitioners. See Giovanetti and Dorabawilla affidavits DE 55-1 and 55-2. Both documents provide that the Plaintiff must give up her constitutional due process rights to notice opportunity to be heard and a formal hearing and that Plaintiff agrees to the adminustrative summary suspension and revocation of plaintiff's due process protected right to NYSIIS withut any notice and forml hearing upon the first technical reporting violation to the NYSIIS database. See DE 55-1 EX A and 55-2 EX A, B and C. These documents fail to give the defendants any powers or discretion to act without due process for two reasons: (a) the defendants, state administrative officials cannot vest themselves with powers that the legislature does not otherwise provide them in a statute, in this case PHL Sec. 2168. *Flynn v87 N.Y.2d 199, 202* supra citing *Matter of Foy v Schechter*, 1 N.Y.2d 604, 612 supra and (2) because the documents condition the granting of access to NYSIIS upon Plaintiff's agreement to abandoning her due process constitutional rights to notice, opportunity to be heard and formal hearing, both documents violate the unconstitutional condition doctrine.

The "unconstitutional conditions doctrine" reflects "an overarching principle . . . that vindicates the Constitution's enumerated rights by preventing the government from coercing

people into giving them up." *Koontz v. St. Johns River Water Mgmt.* Dist., 570 U.S. 595, 604, 133 S. Ct. 2586, 186 L. Ed. 2d 697 (2013). "Pursuant to this 'unconstitutional conditions' doctrine, as it has come to be known, the government may not place a condition on the receipt of a benefit that infringes upon the recipient's constitutionally protected rights, even if the government has no obligation to offer the benefit in the first instance." *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 231 (2d Cir. 2011) (citing *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972)), aff'd, 570 U.S. 205, 133 S. Ct. 2321, 186 L. Ed. 2d 398 (2013).

A "predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz*, 570 U.S. at 612, supra citing *Rumsfeld v. Forum for Academic & Institutional Rights, Inc*., 547 U.S. 47, 59-60, 126 S. Ct. 1297, 164 L. Ed. 2d 156 (2006.

Because the documents relied upon by the defendants to purportedly give them authority and discretion to suspend revoke or in any way act against Plaintiff's due process protected right in access NYSIIS (as stated in DE 61) precondition the grant of access to NYSIIS on Plaintiff's abandoning her due process rights, in addition to the fact that they cannot provide the defendants with any powers not granted to them by the legislature, they are also void for violating the unconstitutional condition doctrine. *Id.*

**POINT III**
**CONTRARY TO THE GIOVANETTI STATEMENTS,**
**THE DEFENDANTS NEVER PROVIDED THE PLAINITFF**
**WITH CONSTITUTIONALLY MANDATED  NOTICE THAT**
**THEY SUSPENDED OR TOTALLY REVOKED PLAINTIFF'S**
**ACCESS TO NYSIIS AT ANY TIME.**

Contending that the Plaintiff sat on her rights three years after she received notice that the defendants were acting against her due process protected right in her access to NYSIIS, in the Giovanetti affidavit the defendants offer two separate email communications from the state investigator. Parenthetically Mr. Giovanetti is also an attorney but his official capacity is the Director of DOH investigations and he is sued herein as such.

In the first email communication of June 30, 2022 EX B to DE 55-1, Mr. Giovanetti as the director of investigations stated as follows:

> This is to advise you that at my request NYSDOH has suspended NYSIIS account ... pending result of our investigation. The email continues to state "we are concerned to have discovered COVID 19 data that had been reported to NYSIIS by Second Nature to have been deleted from the system while our investigation was ongoing". We are happy to receive by email any explanation of these deletions. The letter further states: In light of our ongoing investigation and its determinations to date, and our concern over any additional changes being made to NYSIIS without NYSDOH's knowledge, the Second Nature account will rain suspended until our investigation is closed. Note that this suspension is consistent with the terms of the NYSIIS user agreement.

In this first email the DOH investigator acknowledges that he acted single handedly to cause the suspension of plaintiff's NYSIIS account pursuant to the terms of the user agreement.

Notably this email is an admission that the defendants are acting in violation of Plaintiff's due process rights without providing her with a pre deprivation hearing. But this is not all.

On the same date June 30, 20222 the plaintiff wrote to Mr. Giovanetti as follows - EX B to DE 55-2:

14

I did not delete any information. Could you show me what you are referring to? In terms of compliance I followed every remediation request for correction and met every deadline by May 31st. I look forward to your response.

In response to this email, defendants' affidavit annexes as part of EX A an email from Mr. Giovanetti to the Plaintiff dated July 7, 2022 stating as follows:

Hi Ms. Guggenheim:

Below are the second Nature records that were removed from NYSIIS in May and June. Are all these records that you removed based on your understanding of Barbara Joyce's instructions? I appreciate any information you can provide by email.

The Giovannetti email contains a redacted list of patients containing the names of the patients, the date of birth and their vaccination date. based on defendants' own narrative the Plaintiff was instructed to remove these records from NYSIIS by Barbara Joyce, whose name appears in the FAC and who identified irregularities in the NYSIIS reporting which the DOH official directed the Plaintiff to remove and correct. See plaintiff's affidavit in support of motion for preliminary injunction DE 46-1 paragraphs 31 and 51-52 - directed corrections were made.

The email inquiry is in line with plaintiff's facts set in her affidavit in support of the motion for a preliminary injunction DE 46-1 paragraphs 51-52

By email dated July 7, 2020 - EX A to Giovanetti affidavit, the plaintiff advised Giovanetti that the identified entries of the patients identified in Giovanetti's prior email the Plaintiff advised Giovanetti that the records of those patients were the DOH agent Brabara Joyce asked her to correct in the registry. The Plaintiff further stated that she checks the registry to confirm that the patient got vaccinated. The Plaintiff sated "Please let me know if I can be reinstated to confirm their status in the registry as **reinstatement would allow me to document their status correctly."**

By email dated July 12, 2022 Mr. Giovanetti stated as follows: We have reactivated the

NYSIIS account to **"Reports Only"** status. This will confirm you to check the registry but not

make any changes to it.

This email did not contain any notice that the account was restricted to "Read only" status

as set forth in the Dorabawila affidavit. To the contrary this email informed the Plaintiff that her

status was reinstated to "Reports only". In her affidavit DE 46-1 the plaintiff states that according

to her last conversation had in 2022 with defendant Giovanetti, her reported that they are on the

same page.

DE 46-1 paragraphs 52-53 state as follows:

52.      At no time was I given any information about an open investigation or about any
type of a scheduled hearing. On the penultimate conversation that I had with defendant
Giovannetti after the completion of the NYSIIS directed corrections, sometime in June,
2022 his stated to me to me were that he and I are on the same page about vaccines and
he said that I could still have access viewing NYSIIS, but not to change anything that was
entered before. I found defendant Giovannetti's statement to be bizarre in light of the fact
that I was already directed by Department of Health NYSIIS officials (names not
recorded or recollected) to make the corrections to the administrative errors in the
NYSIIS record and I complied with such directions.

53. After the last conversation with Giovanetti and the first time when I found out in the
fall of 2024 that my access to the NYSIIS system was blocked since about July, 2022, I
naively believed that everything was OK. I was never formally advised by anyone of any
restrictions on my licenses, of any restriction to the access to NYSIIS, of any refusal by
schools to accept my records of vaccination, and of any restrictions on my ability to
provide vaccinations to my patients.

Contrary to defendants' contention, Mr. Giovanetti's email of July 12, 2022 did not advise

the plaintiff that she did not have access to the NYSIIS to comply with the reporting requirements

of PHL Sec. 2168. To the contrary the email stated that her access to NYSIIS was restored to report

only status which did not allow the plaintiff to make changes to data already reported to the

NYSIIS. That is in line with plaintiff's reporting of her conversation with Giovanetti at that time

in her affidavit.

Based upon the communications from Giovanetti, the plaintiff never had any reason to believe that her access to NYSIIS was suspended without due process and that she did not have ability to comply with the reporting requirements. During the time between July 2022 and October 2024 the Plaintiff naively believed based upon communications with Mr. Giovanetti that she could not report to the NYSIIS because of a technical glitch not because action was taken by the defendants to block her reporting abilities. see DE 46-1.

In short, the defendants contentions that the plaintiff sat on her rights for three years when in fact the defendants themselves represented to her in writing that her access to NYSIIS was reinstated to "Report only" and that the only restriction she had was that she could not change data already in the NYSIIS is not one and the same with what the defendants contend in their memorandum of law that the they gave actual notice to the plaintiff in 2022 that her status was restricted to "Read only".

Finally, in his affidavit, defendant Giovannetti DE 55-1 at paragraph 29, defendant Giovanetti admits that he himself effectuated a full a full revocation of Plaintiff's NYSIIS access on April 19, 2024 without due process. Giovanetti does not contend that any notice regarding this full suspension was ever given to the plaintiff. As it can be seen from Plaintiff's affidavit DE 44-1 no such notice was ever given to her and 44-1 and she was unaware at any time that such "full suspension" took place at all.

For all of the foregoing reasons it is unknown why the defendants contend that she Plaintiff sat on her rights for three years when no communication subsequent to her "Report only" status reinstatement was made by the defendants to indicate that her status was restricted to an inability to comply with the reporting requirements of PHL Sec. 2168.

## **CONCLUSION**

For all the reasons articulated above and in Plaintiff's motion for a preliminary injunction DE 46 and 47, Plaintiff's motion for a preliminary injunction should be granted in its entirety.

Dated: October 24, 2025

Attorney for the Plaintiff
Jacques G. Simon Attorney at Law P.C.
By: */s/ Jacques G. Simon*
200 Garden City Plaza Suite 301
Garden City NY 11530
Phone: 516-378-8400
Cell:    516-551-2957
email: jgs@jacquessimon.com

## <u>CERTIFICATE OF COMPLIANCE WITH PAGE LIMITATION</u>

In hereby certify that the within document complies with the page limitations imposed by the Court's individual rules of practice of 10 pages as increased by 10 pages in this Court's order of 08/27/25 DE 54.

Dated: October 24, 2025

*/s/ Jacques G. Simon*

## <u>CERTIFICATE OF SERVICE</u>

I certify that at approximately  12:45AM this 27th day of October, 2025 I caused the

within document to and annexed exhibits 1-3 be served on the attorneys for the defendants by

filing the same in PDG format with the ecf system of this Court which in turn caused service of

the document and the attached exhibits to be served on the following attorneys for the

defendants:

James Mirro, Esq.
Assistant Attorney General
Litigation Bureau
New York State Office of the Attorney General
 28 Liberty Street – 17th Floor
New York, New York 10005
james.mirro@ag.ny.gov

Dated: October 27, 2025

*/s/ Jacques G. Simon*