UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ISADORA GUGGENHEIM, LNP, RN,

                              Plaintiff,

      -against-                        Case No. 1:25-cv-03615-PKC
                                          Electronically Filed

JAMES MCDONALD, MD,
in his official capacity as Commissioner of NYS
Department of Health;
JOSEPH A. GIOVANNETTI,
in his official capacity as Director of Bureau of
Investigations, NYS Department of Health,
et al.,
                              Defendants
------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

                                                LETITIA JAMES
                                                Attorney General
                                                 State of New York
                                                Attorney for Defendants
                                                28 Liberty Street – 17th Floor
                                                New York, New York 10005
                                                (212) 416-6019

                                                November 14, 2025

JAMES MIRRO
Assistant Attorney General
    Of Counsel

**ARGUMENT**

I.   **Plaintiff's Claims Are Barred By The Eleventh Amendment**

Plaintiff concedes that she bears the burden to establish the Court's subject matter jurisdiction in this action (*see* Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, ECF No. 61 ("P's Brief") at 2, *quoting* Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). That burden applies with respect to Defendants' argument that Plaintiff's claims are barred by the Eleventh Amendment and that Plaintiff has failed to establish Article III standing to pursue prospective declaratory and injunctive relief. Although she purports to offer evidence in opposition to the motion (in the form of Exhibits 1-3), Plaintiff has failed to carry her burden on both points.[1]

First, to the extent that Plaintiff relies upon an alleged violation of New York State law to support her claims, her claims must be dismissed as a matter of law (*see* Defendants' Brief in Support of Their Motion to Dismiss, ECF No. 57 ("D's Brief") at 7-8). As set forth in Defendants' Brief, Plaintiff's FAC relies extensively on alleged violations of State law. Further, Plaintiff concedes that her claims that are based upon any violation of State law are barred in this Court (P's Brief at 3 ("it is true that Eleventh Amendment bars citizens from enforcing state-law claims against their state in a federal court")). Thus, the Court should dismiss any such claims.

Plaintiff argues, in effect, that her claims survive if they *also* sufficiently allege a federal constitutional violation (P's Brief at 3-5). But, as the Defendants argued throughout their Brief, the FAC fails to sufficiently allege such a violation. In particular, the FAC fails to sufficiently plead facts to suggest any conduct other than Defendants' *past* conduct (*see* D's Brief at 8-11). Plaintiff argues that Defendants' unconstitutional conduct is "continuing," but the FAC is devoid of any factual pleading suggesting that either of the Defendants is engaged in *any* continuing

---

[1] Internal quotation marks and citations to internal quotations may be omitted throughout this brief.

conduct. At most, the FAC pleads that Defendants' past conduct (their suspension of Plaintiff from NYSIIS in 2022 and posting about her in 2024) has harmed and continues to harm her.

But, as the Second Circuit recently confirmed, the *effects* flowing from Defendants' past conduct must be distinguished from any continuing or future *conduct*; and such *effects* are not to be considered in assessing whether Plaintiff has sufficiently pled continuing or future unlawful *conduct*. *See* D's Brief at 10, *discussing* T.W. v. NYS Board of Law Examiners, 110 F.4th 71, 94 (2d Cir. 2024). In other words, Plaintiff seeks to restore the status quo that existed before her 2022 NYSIIS suspension and before the posting about her on DOH's website. That is precisely the sort of claim against the State that is barred by the Eleventh Amendment. *See* D's Brief at 9 & n.2, *discussing* National Railroad v. McDonald, 978 F. Supp. 2d 215, 231 (S.D.N.Y. 2013) (McMahon, J.) (holding that relief sought would be "wholly retrospective" where such relief "in practical terms [sought to restore] the status quo prior to the allegedly unlawful [conduct], which was over and done with back in February 2008"), *aff'd*, 779 F.3d 97 (2d Cir. 2015).

Thus, Plaintiff's claims are barred in their entirety by the Eleventh Amendment.

## II.     Plaintiff Lacks Standing For Any Declaratory Or Injunctive Relief

Plaintiff fails to seriously address the Defendants' arguments that Plaintiff lacks Article III standing for any prospective declaratory or injunctive relief (*see* D's Brief at 12-15). First, despite her submission of several exhibits to support her claims, Plaintiff has failed to carry her burden to show by a preponderance of the evidence "a sufficient likelihood that [she] will again be wronged in a similar way" in the future. *See* Marcavage v. City of New York, 689 F.3d 98, 103 (2d Cir. 2012). For instance, she has not shown, nor sufficiently pled (or even suggested) that she will be deprived of a constitutionally protected property or liberty interest *and* deprived of constitutionally required notice *and* a meaningful opportunity to be heard *in the future*.

3

Thus, Plaintiff has not "demonstrate[d] a certainly impending future injury." Id. at 103. Instead, Plaintiff relies entirely upon her historical interaction with Defendants, in particular their past suspension of her access to NYSIIS and past posting of information about her on the DOH website (all allegedly *without* affording her constitutionally required notice and a meaningful opportunity to be heard). Such pleading, which is based entirely upon past conduct, is insufficient to establish Plaintiffs' standing for prospective relief (*see* D's Brief at 13). Indeed, as detailed in Points II and IV.B.(3) of Defendants' Brief, Plaintiff has failed to plead facts that show that even Defendants' past suspension of her database access or past posting of her name on the DOH website ever resulted in any harm or injury to her (*i.e.*, that it had any practical impact upon her medical practice, her medical license or her income).[2] Plaintiff fails to address these points.

In short, Plaintiff has fallen far short of carrying her burden to show "that [she] will again be wronged in a similar way" or to show "a certainly impending future injury" that might support her Article III standing. When faced with a nearly identical set of claims pressed by the same counsel that presses Ms. Guggenheim's claims here, Magistrate Judge Tiscione of the Eastern District of New York issued a report and recommendation that the Court dismiss that complaint for (among other things) lack of Article III standing. *See* Khan v. McDonald, Case 2:24-cv-04745-JMA-ST, Slip Opinion at **15-22 (E.D.N.Y. August 29, 2025) (attached as Exhibit "A" to D's Brief). Shortly thereafter, on September 25, 2025, District Judge Azrack issued an opinion overruling the plaintiff's objections to the R&R and adopting those recommendations in their entirety. *See* Khan, 2025 WL 2726607 (E.D.N.Y. 2025).

---

[2] For instance, Plaintiff pleads that her vaccination practice "remained unaffected between July 2022 and October 2024" (FAC ¶¶ 56, 60-62). She alleges that she was not even aware of her database suspension or the website posting in the 28 months between June 2022 and October 2024 (FAC ¶¶ 52, 54, 62-63). Moreover, she pleads that she has several professional licenses, including a license issued in Connecticut, that each remains "unrestricted," and that she continues to practice (FAC ¶¶ 1, 18-19, 64). The FAC provides no factual pleading to show that her vaccination practice has ever changed.

Among other things, the Court in Khan squarely addressed and rejected the plaintiff's argument that his suspension from NYSIIS amounted to "a continuous due process violation[.]" Id. at *2-3. The Court focused on the plaintiff's failure to plead *facts* sufficient to show that he was likely to suffer any future injury (including his concession that he "does not routinely vaccinate his patients"). Id. Here, the Plaintiff likewise fails to affirmatively plead sufficient facts to show that she faces a "certainly impending future injury." In addition, she makes a series of concessions (outlined in Defendants' Brief at 14-15 & 24-26) that undermine the plausibility of that argument. As the Court in Khan concluded on the question of his Article III standing, "After all, a merely hypothetical and conjectural injury does not rise to the level of being plausible." Id.

Thus, as in Khan, Plaintiff's claims should be dismissed in their entirety.

### III.    The FAC Does Not Comply With FRCP 8

In their moving Brief, Defendants demonstrated that the Plaintiff was provided ample notice and opportunity to amend her pleading after the Court dismissed her original complaint for its failure to comply with FRCP 8 (*see* Order of June 6, 2025). In that Order, the Court identified for the Plaintiff's benefit a series of serious flaws with her pleading that she then had the opportunity to correct through an amended pleading. The Court warned: "**PLAINTIFF AND HER COUNSEL ARE ADVISED THAT A FAILURE TO ADHERE TO THE 'SHORT AND PLAIN' REQUIREMENTS OF RULE 8(a)(2) IN AN AMENDED COMPLAINT WILL RESULT IN A DISMISSAL WITH PREJUDICE"** (Order at 2).

As detailed in Defendants' Brief, the FAC does not correct the flaws identified by the Court and it does not comply with FRCP 8. Rather, it remains highly prolix, confused and unnecessarily repetitive (D's Brief at 15-18). In addition, it remains improperly argumentative and contains many pages of allegations that appear to be entirely or largely irrelevant to any possible claim (Id.). In response to Defendants' motion, the Plaintiff offers a twelve-page, single-spaced *letter* that she

5

previously filed with the Court and that she incorporates by reference into her Brief (P's Brief at 32, incorporating argument from ECF No. 39).

At best, that letter only tangentially addresses the arguments set forth in Defendants' moving Brief. For instance, Plaintiff fails entirely to explain or to justify the specific paragraphs from her FAC that Defendants have identified as prolix, confused and repetitive (D's Brief at 15-18). She fails to explain or to justify the specific paragraphs of her FAC that Defendants have identified as containing improper argument and allegations that are entirely or largely irrelevant to any claim in the case (Id.). In another case presenting pleading defects nearly identical to this case, on August 29, 2025, Magistrate Judge Tiscione issued a report and recommendation that recommended dismissal of that action. *See* Khan v. McDonald, Case 2:24-cv-04745-JMA-ST, Slip Opinion at **11-15 (E.D.N.Y. August 29, 2025) (attached as Exhibit "A" to Defendants' Brief).

Among other legal defects identified in that opinion, the Court found the FAC to be in violation of FRCP 8 (Id.). On September 25, 2025, District Judge Azrack adopted that R&R in its entirety and dismissed the FAC. Although she dismissed the action for lack of Article III standing, as discussed above, the Court "agree[d] with Judge Tiscione and finds that the Amended Complaint is replete with 'prolix, unintelligible, [and] speculative complaints that are argumentative, disjointed and needlessly ramble[.]'" *See* Khan, 2025 WL 2726607, at *2 (E.D.N.Y. 2025). The FAC here likewise should be dismissed.

## IV.   The FAC Fails To State A Claim On Which Relief Can Be Granted

### A. Plaintiff's Claims Are Barred To The Extent That They Are Based On Defendants' Conduct Before April 30, 2022

Plaintiff concedes that her claims are subject to a three-year statute of limitations (P's Brief at 21-22). She offers no reason why any claim that she asserts that is based upon events that

transpired more than three years before her complaint was filed is not barred by limitations. Given that she has pled events dating from as early as 2020, the Court should dismiss any such claims.

### B. Plaintiff Fails To State A Claim For Procedural Due Process

Plaintiff does not seriously dispute that she has no constitutionally protected property or liberty interest in access to the State's NYSIIS database. As Defendants detailed in their Brief, the New York legislature granted NYS DOH broad discretion to grant and to suspend access to that database through New York's Public Health Law (*see* Background section of D's Brief Opposing Plaintiff's Motion for Preliminary Injunction ("D's PI Brief") and D's Brief at 19-22). That broad grant of discretion to regulate access to the NYSIIS database forecloses Plaintiff's argument that she has any entitlement or any property interest in that access (Id.).

In response, Plaintiff makes several arguments. She argues, for instance, that Defendants' suspension of her NYSIIS access results in a "*de facto* restriction" of her New York license (P's Brief at 7). She argues that, because her New York license permits her to vaccinate individuals, her license is "restricted" by the DOH's suspension of her access to the NYSIIS database, which she needs to comply with the mandate to report immunizations of individuals under age 19 (Id.). But Plaintiff's argument suffers from several defects. First, she cites *no* authority that she has any right or entitlement to NYSIIS access (Defendants' authorities demonstrate that she does not). Second, she cites *no* authority that DOH's suspension of her NYSIIS access is a "license restriction" that amounts to a deprivation of property protected by due process (again, Defendants' authorities demonstrate otherwise). Indeed, Plaintiff neither pleads nor argues that NYSIIS access is *required* for any of her licenses. Thus, Plaintiff's argument should be rejected.

Next, Plaintiff argues that she has a property interest by virtue of the NYSIIS statute itself, which she interprets to provide her an entitlement to NYSIIS access (P's Brief at 8). Like her first argument, Plaintiff's interpretation of the NYSIIS statute cites *no* authority. The plain language of

7

the NYSIIS statute, as cited and discussed in the Background Section of Defendants' PI Brief at 6-7, provides that DOH "may refuse access to the statewide immunization information system based on the authenticity of the request, credibility of the authorized user or other reasons as provided for in regulation" (Id. at § 2168(9)).

That broad grant of authority speaks for itself and forecloses Plaintiff's argument that it does not apply to her or to any other practitioners. If Plaintiff's interpretation of the law were to prevail, it would mean that DOH would be unable to root out individuals whom it determines to be engaging in fraud (*e.g.*, by entering false information on DOH's database) by refusing them access. That is contrary to the plain language of the law (and contrary to the user agreements that she signed before she was granted access to the NYSIIS database). Thus, Plaintiff has failed to establish that she had any constitutionally protected interest in her access to the State's database.[3]

Finally, for the reasons set forth in Defendants' Brief at 24-26, Plaintiff has failed to plead *facts* sufficient to plausibly show that she was *deprived* of any practical interest in pursuing her profession or otherwise *harmed* by Defendants' actions. Plaintiff also has failed to show that she was not accorded all of the process due, for the reasons set forth in Defendants' Brief at 26-29. Plaintiff does not seriously respond to any of these arguments and, therefore, has conceded them.

To the extent that Plaintiff argues that she could not have pursued state judicial review of DOH's actions against her through a CPLR Article 78 proceeding – because DOH allegedly concealed those actions from her – her argument must be rejected. "In a proceeding to review a government agency's determination, the determination becomes final and binding, and the statute

---

[3] Plaintiff concedes Defendants' argument that she lacks any liberty interest in access to the NYSIIS database (D's Brief at 23-24; P's Brief at 28-29).

of limitations begins to run, when the aggrieved party is notified of it." Youngelman v. NYC Transit Authority, 303 A.D.2d 751 (2d Dep't 2003).

Here, Plaintiff concedes that she became aware of her NYSIIS suspension and the posting about her by October 2024 (FAC ¶¶ 67, 70). She could have pursued her Article 78 action at any time thereafter. Alternatively, if the determination has not yet become "final and binding" (notwithstanding her actual knowledge of it), the limitations period has not yet begun. In any event, Plaintiff's argument that she could not pursue the wholly adequate Article 78 post-deprivation procedure because limitations had run must be rejected.

Accordingly, Plaintiff's due process claim should be dismissed. In addition, Plaintiff concedes Defendants' argument that the FAC fails to state any other claim (see D's Brief at 29-32; P's Brief at 31-32).

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Defendants' moving brief, Defendants respectfully submit that the FAC should be dismissed in its entirety.

Dated: New York, New York
November 14, 2025

                LETITIA JAMES
                Attorney General
                State of New York
                Attorney for Defendants

By: _____
     James Mirro, Esq.
     Assistant Attorney General
     Litigation Bureau
     New York State Office of the Attorney General
     28 Liberty Street – 17th Floor
     New York, New York 10005
     james.mirro@ag.ny.gov

**WORD COUNT CERTIFICATION**

Pursuant to the Joint Local Rules of the Southern and Eastern Districts of New York (the "Local Rules"), I certify that this document complies with the length limitations of Rule 7.1(c) of the Local Rules because it contains 2542 words, fewer than the 3500 words permitted.

_____
James Mirro